```
          IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   BECKLEY DIVISION
```

ROBERT SMITH,

    **Plaintiff,**

v.                                      **Civil Action No. 5:05-0407**

MARTY ANDERSON, Warden,
JAMES BLANKENSHIP,

    **Defendants.**

<u>MEMORANDUM OPINION</u>

Pursuant to the court's order of March 24, 2006, in which the court overruled plaintiff's objections to Magistrate Judge R. Clarke VanDervort's Proposed Findings and Recommendation [hereinafter "Findings and Recommendation" or "F & R"], modified the F & R, and indicated that an explanatory memorandum opinion would follow forthwith, the court now issues its memorandum opinion.

The court conducted a de novo review of the record.  For the reasons below, the court agrees with the findings of the magistrate judge.  Accordingly, in a judgment order filed herewith, this court (1) modifies the magistrate judge's findings, (2) grants defendant's motion to dismiss or in the alternative for summary judgment as to defendants in their individual capacity (Doc. No. 15), (3) denies plaintiff's motion for default judgment (Doc. No. 24), and (4) grants plaintiff 30 days in which to amend his complaint to assert claims under the

Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 <u>et seq.</u>  If plaintiff files a timely amendment to his complaint, the matter will be referred to Magistrate Judge VanDervort for proposed findings and recommendation.

### I.  Factual and Procedural Background

Plaintiff was formerly an inmate at FCI Beckley in Beaver, West Virginia.  On May 13, 2005 plaintiff filed a complaint against defendants for compensatory and punitive damages under 42 U.S.C. § 1983.  (Doc. No. 1).  Plaintiff alleges that James Blankenship, a nurse practitioner at FCI Beckley, violated his civil rights by administering to him a tuberculin skin test instead of an x-ray test for tuberculosis.  (<u>Id.</u> at 5.) Plaintiff alleges that as a result, he developed a reaction and eventually a scar on his right arm.  (<u>Id.</u>)  Plaintiff alleges that he asked Blankenship to administer an x-ray test instead of a skin test, but Blankenship refused.[1]  (<u>Id.</u>)

Defendants allege that the test was necessary because Blankenship could not find the results from plaintiff's previous tuberculosis test.  (Doc. No. 16 at 2.)  Blankenship told plaintiff that if he refused the test, he would be placed in the Special Housing Unit until the situation could be resolved

---

[1]  A tuberculin skin test using tuberculosis antigens called purified protein derivative (PPD) is administered by injecting PPD under the top layer of skin on the inner forearm.  A firm red bump is a positive tuberculosis result.

because of the risk of exposing other inmates to tuberculosis.
(Id.)  Thereafter, plaintiff consented to the tuberculin skin
test.  (Id.)  The affected area of his arm became red and
irritated, and plaintiff was given antibiotics, ointment, and
pain medication.  (Id. at 3.)

Defendants moved to dismiss or in the alternative for
summary judgment (Doc. No. 15).  Blankenship argues that as a
government medical worker, plaintiff must properly direct his
claims against the United States instead of against Blankenship
individually.  (Doc. No. 16 at 4.)  Moreover, Blankenship argues
that plaintiff's claim arises exclusively under the Federal Tort
Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. ("FTCA").  (Doc.
No. 16 at 4-5.)

Defendants argue that Warden Anderson is not liable because
he was not directly involved and cannot be held liable under
respondeat superior in a Bivens action[2] for Blankenship's
actions.  (Id. at 5-6.)  Moreover, defendants argue that both
Blankenship and Warden Anderson are entitled to qualified
immunity because their actions were within the scope of their
authority.  (Id. at 5-16.)

_____

[2]  A Bivens action is a judicially created remedy against
federal actors that parallels the remedy provided against state
actors in 42 U.S.C. § 1983.  See Bivens v. Six Unknown Named
Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395-
96 (1971).  Bivens provides a cause of action for money damages
against individuals who violate individuals' constitutional
rights under color of federal authority.  Id.

-3-

In his response, plaintiff asserts that Blankenship knew that he had previously undergone an x-ray test for tuberculosis. (Doc. No. 18 at 1-2.)  Plaintiff explains that Blankenship conducted plaintiff's initial screening when he arrived at FCI Beckley and was therefore on notice of plaintiff's previous tuberculosis test results.  (Id.)  Defendants declined to reply to plaintiff's response.  On that basis, plaintiff moved for entry of default against defendants (Doc. No. 24).

In his proposed F & R, the magistrate found that the FTCA is the sole avenue for plaintiff's against claims against Blankenship because Blankenship is a commissioned officer of the Public Health Service.  See 42 U.S.C. § 233(a).  Section 233(a) provides that cases against public health service officers are properly directed against the United States, not against individuals.  Id.  Accordingly, the magistrate found that plaintiff's Bivens claim against Blankeship was not cognizable and that the remaining FTCA claim was properly directed against the United States, not against Blankenship individually.  The magistrate judge recommended that the court dismiss plaintiff's claims against Blankenship and refer plaintiff's remaining FTCA claim back to the magistrate judge for further proceedings.

As to defendant Anderson, the magistrate judge found that plaintiff stated a claim for Blankenship's negligent administration of the tuberculin skin test.  Because Anderson was

-4-

not directly involved in performing the test and because <u>Bivens</u> claims cannot rest on respondeat superior, the magistrate judge found that plaintiff had not stated a cognizable claim against Anderson under <u>Bivens</u>.  However, the magistrate judge recommended that the United States be named as a party and that the court remand this matter to Magistrate Judge VanDervort for further proceedings regarding Anderson's potential liability under the FTCA.  Plaintiff objects to the magistrate's recommendations.

## II.  Analysis

The court reviewed the record de novo and overrules plaintiff's objections.  First, plaintiff objects that Blankenship was aware that plaintiff had experienced a skin reaction to a tuberculin skin test in the past.  (Doc. No. 35 at 2.)  Plaintiff asserts that Blankenship learned this fact during plaintiff's screening exam.  (<u>Id.</u>)  Even if true, plaintiff's factual assertion is irrelevant to the magistrate judge's finding that plaintiff's claims are only viable when construed as FTCA claims.  Therefore, plaintiff's first objection is OVERRULED.

Next, plaintiff objects that his consent to the tuberculin skin test was not valid because he was afraid that if he refused the test and was put into segregation he would die in his sleep.  (<u>Id.</u> at 2-3.)  Plaintiff suffers from sleep apnea and was awaiting the arrival of his "C-pap" machine, a device that helps him breathe as he sleeps.  (<u>Id.</u> Exs. C & E.)  This objection is

-5-

irrelevant to the magistrate judge's finding that plaintiff's claims are properly cognizable under the FTCA.   Accordingly, plaintiff's second objection is OVERRULED.

Third, plaintiff objects and argues that two administrative remedy forms presented to Anderson are proof of his deliberate indifference to plaintiff's medical needs.   (Id. Exs. C & D.) One of the forms discusses plaintiff's tuberculosis test.   It states "I am allergic to the [tuberculin skin test], yet was forced to take the shot, instead of having an x-ray.   As a result of the PA's negligence, my arm became infected and is still irritable."   (Id. Ex. D.)   This objection is irrelevant to the magistrate judge's finding that plaintiff's claims are solely cognizable under the FTCA.   Hence, plaintiff's third objection is OVERRULED.

Fourth, plaintiff objects that the court should order entry of default against defendants for their failure to file a reply to plaintiff's response.   (Id. at 4-5.)   Entry of default against a party is proper when a party against whom a judgment or affirmative relief is sought fails to plead or otherwise defend. Fed. R. Civ. P. 55(a).   Defendants appeared in this case and defended by filing a motion to dismiss or in the alternative for summary judgment (Doc. No. 15).   This is all that the rules require, and entry of default is inappropriate.   Therefore, plaintiff's fourth objection is OVERRULED.

-6-

Finally, plaintiff objects that his medical records adequately show that he had undergone an x-ray test for tuberculosis five weeks before Blankenship administered the tuberculin skin test on plaintiff.  (Id. at 5.)  This factual assertion is irrelevant to the magistrate judge's determination that plaintiff's claim may only be presented under the FTCA. Accordingly, plaintiff's fifth objection is OVERRULED.

### III.  Conclusion

For the reasons discussed above, the magistrate judge's decision was well-reasoned and supported by case law. Plaintiff's objections are accordingly OVERRULED.  Plaintiff is afforded 30 days to amend his complaint to include claims under the FTCA, 28 U.S.C. §§ 1346(b), 2671 et seq.  The Clerk is directed to forward a copy of this Memorandum Opinion to all counsel of record and to plaintiff, pro se.

IT IS SO ORDERED this 27th day of March, 2006.

ENTER:

David A. Faber
Chief Judge