**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **ROBERT SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:05-0407** |
| | ) | |
| **UNITED STATES and** | ) | |
| **JAMES BLANKENSHIP,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Doc. No. 44.) By Standing Order filed on May 13, 2005, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to U.S.C. §636(b)(1)(B). (Doc. No. 3.) Based upon a thorough examination of the documents of record and applicable law, the undersigned concludes and respectfully recommends that Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment be granted.

**PROCEDURAL HISTORY**

On May 13, 2005, Plaintiff, formerly an inmate at FCI Beckley, Beaver, West Virginia, filed a Complaint alleging civil rights violations under 42 U.S.C. § 1983 against Warden Marty Anderson and Nurse Practitioner James Blankenship.[1] (Doc. No. 1.) Plaintiff claimed that his civil rights were violated when Defendant James Blankenship administered to him a tuberculin test after he advised

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

that he was allergic to the test.  (Id. at 5.)  Plaintiff alleged that he requested an x-ray test to detect whether he had tuberculosis in lieu of receiving a PPD test for tuberculosis.[2]  (Id.)  Plaintiff alleged that Defendant James Blankenship advised that if he refused the PPD test, he would be placed in segregation indefinitely.  (Id.)  Plaintiff claimed that he eventually consented to having the test administered in order to avoid being placed in segregation and that he subsequently developed a reaction and eventually a scar on his right arm. (Id.)  Construing Plaintiff's action as filed pursuant to Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)[3], and not a suit under § 1983, the undersigned granted Plaintiff's Application to Proceed in forma pauperis by Order filed on May 16, 2005, and summonses were subsequently issued.  (Doc. Nos. 4 and 5.)

Defendants filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment and Memorandum in Support on July 27, 2005. (Doc. Nos. 15 and 16.)  In their Memorandum of Law in support of their Motion, Defendants contended that Plaintiff's Complaint must be dismissed for the following reasons: (1) Defendant James Blankenship is a U.S. Public Health Service employee and is entitled to absolute immunity; (2) Plaintiff's claims against Defendant Marty Anderson must be dismissed because he had no personal involvement in Plaintiff's intake screening

---

[2] A tuberculin skin test using tuberculosis antigens called purified protein derivative (PPD) is administered by injecting PPD under the top layer of skin on the inner forearm.  If a person has been exposed to tuberculosis, he or she will react by developing a firm red bump at the place of the injection within two days.

[3] A Bivens action is the federal counterpart to an action under 42 U.S.C. § 1983.  A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors.  See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 2004-05, 29 L.Ed.2d 619 (1971).

as Plaintiff came into FCI Beckley and therefore there exists no basis, legally or factually, for concluding that he may be liable on the basis of his supervisory capacity; (3) Plaintiff cannot establish that Defendant Anderson or his prison staff, which he supervised, acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment; and (4) Defendants Blankenship and Anderson are entitled to qualified immunity because their conduct was within their scope of their authority.

On July 28, 2005, the Court notified Plaintiff pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), that Plaintiff could file a response to the Defendants' request that this case be dismissed and submit Affidavit(s) or statements subject to the penalties of perjury, exhibits, and/or other legal or factual material supporting his position and issues in the case as they are challenged by the Defendants in their request for dismissal. (Doc. No. 17.) Plaintiff filed a Motion of Response in opposition to Defendants' Motion to Dismiss or in the alternative for Summary Judgment on August 9, 2005. (Doc. No. 18.) Defendants did not file a reply to Plaintiff's response. On October 7, 2005, Plaintiff filed a Motion for Entry of Default Judgment claiming that he was entitled to an entry of default because Defendants failed to file a reply to his response to their Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Doc. No. 24.)

On December 22, 2005, the undersigned filed his Proposed Findings and Recommendation. (Doc. No. 29.) With respect to Plaintiff's Motion for Default Judgment, the undersigned concluded that no basis existed for Plaintiff's Motion and recommended that Plaintiff's Motion be denied. With respect to Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, the undersigned found that Defendant James Blankenship, a Public Health Service medical officer, is immune from liability pursuant to 42 U.S.C. §233(a) and that Plaintiff's only

3

recourse against Defendant James Blankenship is under the FTCA. Accordingly, the undersigned recommended that Plaintiff's <u>Bivens</u> action against Defendant James Blankenship be dismissed and that the United States be named as a Defendant. With respect to Defendant Marty Anderson, the undersigned found that Plaintiff's allegations did not support a claim that Defendant Marty Anderson acted with deliberate indifference to Plaintiff's serious medical needs. The undersigned found that it was not evident that Plaintiff's allergic condition, assuming that he has one, is sufficiently serious to warrant Eighth Amendment protection. The undersigned further found that there was no indication in Plaintiff's writing that Defendant Marty Anderson had anything to do with the administration of the PPD test personally or in his capacity as supervisor. Accordingly, the undersigned recommended that Plaintiff's <u>Bivens</u> claim against Defendant Warden Marty Anderson be dismissed and that the United States be named as a party in these proceedings. The undersigned further recommended that the matter be referred back for further proceedings in consideration of Plaintiff's claim as it may be construed to arise under the FTCA.

By Memorandum Opinion and Judgment Order filed on March 27, 2006, Chief United States District Judge David A. Faber modified the Proposed Findings and Recommendation to the extent that the undersigned recommended that the United States be named as a Defendant and instead afforded Plaintiff 30 days to amend his Complaint to assert claims under the Federal Tort Claims Act, 28 U.S.C. §1346(b), 2671 <u>et seq.</u>, granted Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment as to Defendants in their individual capacity, and denied Plaintiff's Motion for Default Judgment. (Doc. Nos. 38 and 39.)

On April 14, 2006, Plaintiff filed his Amended Complaint asserting a claim under the FTCA. (Doc. No. 42.) Plaintiff asserts that he has amended his Complaint by dismissing Warden Marty

4

Anderson as a Defendant and adding the United States as a Defendant.  (Id. at 1.)  Plaintiff further indicates that he has dismissed his claim for punitive damages and is seeking $200,000 in compensatory damages.  (Id.)  Plaintiff attaches to his Amended Complaint a copy of Chief Judge Faber's Judgment Order and Memorandum Opinion and states that he does not object to the factual and procedural background contained in the Memorandum Opinion and prays that the Court will grant him relief.  (Id. at 1 and 3-11.)

On May 30, 2006, Defendants, by counsel, filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgement and Memorandum in Support.  (Doc. Nos. 44-45.)  Defendants contend that this Court is without jurisdiction because Plaintiff failed to first present his FTCA claim to the appropriate agency.

By Order filed on May 31, 2006, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff, advising him of his right to file a response to the Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. No. 46.) On June 20, 2006, Plaintiff filed his response to Defendants' Motion.  (Doc. No. 48.) Plaintiff claims that contrary to the statements contained in Sharon Wahl's Declaration which is attached to Defendants' Motion, he exhausted his administrative remedies with respect to his claims raised in the instant action by filing a BP-8, BP-9, and BP-10.  (Id. at 1.)  Plaintiff contends that he should not  have had the PPD test  administered to him because his medical records indicated that his last PPD test was administered on December 8, 2004.  (Id. at 2.)  Plaintiff also contends that while Defendants claim that he was not forced to take the PPD test, he requested a chest x-ray in lieu of taking the PPD test and that prior to the PPD test being administered, he advised that he was allergic to the PPD test. (Id.)  In  support of his response, Plaintiff submitted a copy of a portion of his medical records and

a copy of his administrative remedy forms.  (Id. at 3-7.)  Plaintiff also submitted his own Declaration

which essentially reiterates the arguments contained in his response.  (Doc. No. 47.)

## THE APPLICABLE STANDARDS

### Rule 12(b) Dismissal

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief."  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).  When

considering a motion to dismiss either under Rule 12(b)(1) or (6), the Court must view the

allegations in the Complaint in the light most favorable to the Plaintiff, and must take them as true.

See Jenkins v. McKeithen, 395 U.S. 411, 421-22, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); Adams v.

Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).  "Because a dismissal under Rule 12(b)(6) is accorded

res judicata effect, such dismissals are generally disfavored by the courts."  Fayetteville Investors

v. Commercial Builders, Inc., 936 F.2d 1462, 1471 (4th Cir. 1991).  When faced with such a Motion,

"the magistrate judge should . . . limit himself to a consideration of whether plaintiff's allegations,

standing alone and taken as true, pleaded jurisdiction and a meritorious cause of action."  Id. at

1473.  In consideration of the Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6),

the Court must accept the allegations contained in the Plaintiff's Complaint as true and draw all

reasonable inferences in favor of the Plaintiff from them.  The Court must determine whether the

Plaintiff has asserted a cognizable claim against the Defendants and alleged facts which, if true,

would support such a claim.

**Summary Judgment**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co., Inc. v. Zenith Radio Corp., 475 U.S. 574, 586 - 87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986). All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356. Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim. Celotex, 477 U.S. at 322 - 23, 106 S.Ct. at 2552 - 53. Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 - 48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## ANALYSIS

The United States enjoys sovereign immunity except to the extent that Congress has waived it by enacting the FTCA.[4]  The FTCA provides at § 2674 as follows:

---

[4] Title 28, U.S.C. § 1346(b)(1) provides that "[s]ubject to the provisions of chapter 171 of this title, the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

It is clear that federal inmates may sue under the FTCA "to recover from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 150, 83 S.Ct. 1850, 1851, 10 L.Ed.2d 805(1963). The FTCA's waiver is subject to the condition that an administrative claim[5] must first be submitted to the appropriate agency and denied before suit can be filed. See 28 U.S.C. § 2675(a)[6]. See also Bellomy v. United States, 888 F. Supp. 760 (S.D.W.Va. 1995). Filing a timely administrative claim is jurisdictional and cannot be waived. Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994) (*citing*

---

[5]  Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *Carlson v. Green*, 446 U.S. at 21 - 23, 100 S.Ct. at 1472 -74, 64 L.Ed.2d 15 (1980). In order to maintain a case against the United States under the FTCA, Plaintiff must demonstrate that his action is permissible under the FTCA and satisfies the necessary elements of a tort claim cognizable under law of the state in which the action accrued. Under West Virginia law, which applies under the FTCA, the plaintiff in a negligence action bears the burden of proof by a preponderance of the evidence to demonstrate the applicable standard of care, deviation from that standard and a causal connection between the deviation and plaintiff's injury. *See Judy v. Grant County Health Dept.*, 210 W.Va. 286, 291 - 92, 557 S.E.2d 340, 345 - 46 (2001).

[6]28 U.S.C. § 2675(a) provides that

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986), Muth v. United States, 1 F.3d

246 (4th Cir. 1993)). Thus, before an inmate can bring a claim under the Federal Tort Claims

Act, the inmate must exhaust procedures specified at 28 C.F.R. §§ 14.1 to 14.11[7] and 543.30

to 543.32. The administrative process which inmates must exhaust when they have

complaints under the Federal Tort Claims Act is spelled out at 28 C.F.R. §§ 14.1 - 14.11. To

exhaust administrative remedies as required before filing an action under the FTCA, the

inmate must first submit an administrative claim including a claim for money damages in a

sum certain for the alleged injury sustained on a Standard Form 95 to the Federal agency

whose activities gave rise to the claim. Id., § 14.2(a) and (b)(1). After investigation and

examination and informal attempts at resolving the inmate's claim as the circumstances may

require, Id., §§ 14.6 and 14.8, the agency may deny or approve the inmate's claim. If the

agency denies the inmate's claim, he may file suit in the District Court within six months of

the mailing of the denial. Id., § 14.9(a). The Director of the Federal Bureau of Prisons is

authorized to settle meritorious administrative Federal tort claims by providing monetary

compensation. 28 C.F.R. §§ 0.96(k) and 0.172.

    Although Plaintiff claims that he exhausted his administrative remedies by filing  a

BP-8, BP-9, and BP-10,[8] it is clear that Plaintiff did not submit an administrative claim to the

---

    [7] 28 C.F.R. § 14.2(a) provides that

    a claim shall be deemed to have been presented when a Federal agency receives from
    a claimant . . . an executed Standard Form 95 or other written notification of an
    incident, accompanied by a claim for money damages in a sum certain . . . for
    personal injury . . . alleged to have occurred by reason of the incident[.]

    [8] According to the Declaration of Marty C. Anderson, Plaintiff filed an administrative
remedy complaining that he was forced to have a PPD test.  The administrative remedy was rejected
as untimely.  (Doc. No. 16, Exhibit 2, Declaration of Marty Anderson, ¶ 6.)

appropriate agency with respect to his FTCA claim.  Defendants have submitted the Declaration of Sharon Wahl in support of their Motion to Dismiss, or in the Alternative Motion for Summary Judgment.  Ms. Wahl states that,  as the Legal Instruments Examiner, she has access to SENTRY, the Federal Bureau of Prisons' online information system.  (Doc. No. 44, Declaration of Sharon Wahl at 1 ¶2.)  Ms. Wahl further states that Plaintiff "has not filed an administrative tort claim with the agency concerning his PPD test." (Id.  at ¶ 4.) While Plaintiff indicates that he attempted to exhaust the BOP grievance procedure, which is a prerequisite to filing a <u>Bivens</u> action, Plaintiff has produced no evidence to counter the Defendants assertion that he has failed to file an administrative tort claim with the appropriate agency which is a jurisdictional requirement under the FTCA.[9] Accordingly, the undersigned finds that Plaintiff has therefore not exhausted administrative remedies in this respect, and the Court may therefore not consider his tort claim. Moreover,  Plaintiff's claims of negligence against Defendant James Blankenship must be dismissed because the United States is the only proper party in a suit under the FTCA.

---

[9] The undersigned notes that the incident which is the subject of Plaintiff's FTCA claim allegedly occurred in January, 2005.  Plaintiff may still file an administrative tort claim with the appropriate agency in an effort to exhaust his administrative remedies if he does so expeditiously. Title 28 U.S.C. § 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

## PROPOSAL AND RECOMMENDATION

The undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. No. 44), and **REMOVE** this case from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*, and to counsel of record.

Date: October 19, 2006.

R. Clarke VanDervort
United States Magistrate Judge