IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ROBERT SMITH,

                Plaintiff,

v.                                    CIVIL ACTION NO.  5:05-cv-00407

WARDEN MARTY ANDERSON
and BLANKENSHIP,

                Defendants.

**MEMORANDUM OPINION**

By Standing Order entered on July 21, 2004, and filed in this case on May 13, 2005, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation ["PF&R"].  Magistrate Judge VanDervort filed his PF&R on October 19, 2006 [Docket 54].  In that filing, the magistrate judge recommended that this Court grant Defendants' motion to dismiss, or in the alternative, motion for summary judgment, and remove this case from the Court's docket.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).   Here, objections to

Magistrate Judge VanDervort's PF&R were due by November 3, 2006, pursuant to 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b). Plaintiff filed a motion to extend time to file objections [Docket 55], but thereafter timely filed his objections on November 2, 2006. Therefore, Plaintiff's motion to extend time is **DENIED AS MOOT**.

## I. BACKGROUND

The factual and procedural history of this action was set forth by Chief Judge Faber in his Judgment Order and accompanying Memorandum Opinion entered on March 27, 2006 [Docket 37 & 38]. In the Judgment Order, Chief Judge Faber afforded Plaintiff 30 days in which to amend his complaint to include any claims he may have under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) & 2671 *et seq.* ("FTCA"). On April 14, 2006, Plaintiff filed an "Administrative Claim for Damages" pursuant to the FTCA in this case [Docket 42]. This claim named the United States and James Blankenship as defendants. Magistrate Judge VanDervort recommends the dismissal of Plaintiff's FTCA claim because (1) Plaintiff did not exhaust his administrative remedies prior to filing the claim and (2) Plaintiff cannot state an FTCA claim against Mr. Blankenship.

## II. OBJECTIONS TO PF&R

Plaintiff objects to the PF&R's proposed finding that he failed to exhaust his administrative remedies prior to filing his FTCA claim.[*] As set forth in greater detail in the PF&R, a plaintiff must exhaust his administrative remedies prior to filing an FTCA claim. 28 U.S.C. § 2675(a). Inmates must also exhaust the administrative process set forth at 28 C.F.R. §§ 14.1 to 14.11 prior to filing FTCA claims.

---

[*] Plaintiff does not object to the PF&R's proposed finding that he cannot maintain an action against Defendant Blankenship under the FTCA.

Initially, Plaintiff makes various factual assertions in support of his objections that do not relate to the proposed finding regarding his failure to exhaust administrative remedies. To the extent that these factual assertions can be construed as objections, they are **OVERRULED**.

Next, Plaintiff notes that because he was incarcerated at a United States penitentiary in Leavenworth, Kansas, he could not file his FTCA claim in West Virginia. This objection does not address Plaintiff's failure to exhaust his administrative remedies in the first instance, and, thus, is **OVERRULED**.

Finally, Plaintiff argues that he be excused from the administrative exhaustion requirements because he did not know about those requirements prior to filing his FTCA claim. The administrative exhaustion requirements, however, are "jurisdictional and may not be waived." *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994). Thus, Plaintiff's objection is **OVERRULED**.

### III. CONCLUSION

Based on the above, the Court adopts the findings and recommendations contained in the PF&R, **GRANTS** Defendants' motion to dismiss, or in the alternative, motion for summary judgment, and **DENIES AS MOOT** Plaintiff's motion to extend time. A Judgment Order will be entered this day implementing the rulings contained herein.

ENTER: January 22, 2007

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE